# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0402** (Mercer 12-F-241-WS)

**Michael Greene,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael Greene, by counsel Matthew Parrott and R. Rockwell Seay, appeals the Circuit Court of Mercer County's April 1, 2015, order granting, in part, and denying, in part, his motion for correction of sentence filed under Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State, by counsel Laura Young, filed a response in support of the circuit court's order and supplemental appendix. On appeal, petitioner alleges that the circuit court erred in failing to grant him additional credit for time served in jail while awaiting trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record on appeal is quite limited, which makes the factual and procedural history of this case difficult to discern. Petitioner represents that he was arrested in January of 2010, while he was still a teenage juvenile, on charges related to the January 9, 2010, murder of Clayton Mitchem ("2010 murder").[1] He further represents that the State filed a juvenile delinquency petition, Mercer County Criminal Case No. 10-JD-03, against him immediately following his arrest. According to petitioner, he was incarcerated on 10-JD-03 from January 20, 2010, until May 3, 2010.

It appears that the circuit court dismissed 10-JD-03 by order entered on May 6, 2010, after finding that the State failed to meet its burden to establish that petitioner was a juvenile delinquent in relation to the 2010 murder. As such, it also appears petitioner was released from incarceration on that date. However, in its order dismissing 10-JD-03, the circuit court noted that petitioner had, at some time, been incarcerated on a separate criminal charge, Mercer County

---

[1] No records related to petitioner's alleged arrest or incarceration in January of 2010 were included in the record on appeal.

1

Criminal Case No. 07-JD-35. The circumstances of 07-JD-35 are unclear from the record on appeal and were not discussed in any detail by the parties in this appeal.

Petitioner claims to have been arrested and incarcerated on August 3, 2010, for carrying a concealed weapon and carrying a deadly weapon, which were charges unrelated to 10-JD-03 or the 2010 murder. Petitioner claims that the State filed another juvenile delinquency petition, Mercer County Criminal Case No. 10-JD-61, against him soon thereafter. Petitioner relays that he was found to be delinquent based on the August 3, 2010, petition and that he was sentenced to a youthful offender program where he remained until August 3, 2011.[2]

In February of 2011, the State filed a juvenile delinquency petition, Mercer County Case No. 11-JD-11, against petitioner charging him with one count of first-degree murder and one count of possession of a deadly weapon by a minor in relation to the 2010 murder. Petitioner represents that he was already incarcerated at the time of the filing of 11-JD-11 on the unrelated charge(s) in 10-JD-61.

In late February of 2011, while petitioner was allegedly incarcerated for 11-JD-11 and 10-JD-61, the State filed another juvenile petition, Mercer County Case No. 11-JD-19, charging him with three counts of delivery of a controlled substance.[3] Following the filing of 11-JD-19, petitioner was then allegedly incarcerated for 11-JD-11, 10-JD-61, and 11-JD-19.

In August of 2011, petitioner represents that he completed his sentence in 10-JD-61 and that he was transferred from the youthful offender program to another facility where he claims to have remained incarcerated on 11-JD-11 only. However, the record on appeal indicates that, in August of 2011, petitioner would have remained incarcerated on both 11-JD-11 *and 11-JD-19* (the drug charges filed in February of 2011).

In November of 2011, the State moved to dismiss 11-JD-19 and to refile those drug charges for reasons not apparent from the record on appeal. The State refiled those drug charges in a new juvenile petition, Mercer County Case No. 11-JD-118, in December of 2011. By order entered in January of 2012, the circuit court granted the State's motion to dismiss 11-JD-19. At that time, petitioner appears to have remained incarcerated on 11-JD-118 and 11-JD-11.

In June of 2012, petitioner entered into a plea agreement with the State regarding the 2010 murder. Under that agreement, petitioner agreed to plead guilty to first-degree robbery by information, and the murder charge would be dismissed. Subsequently, the State filed an information on the first-degree robbery charge, Mercer County Case No. 12-F-241, while 11-JD-11 appears to have been dismissed. The circuit court entered an order accepting adult criminal jurisdiction over petitioner's first-degree robbery charge and accepting the guilty plea by

---

[2]Petitioner provided no independent documentary evidence in the record on appeal to show that he was incarcerated from August 3, 2010, until August 3, 2011. In support of his allegation that he was incarcerated for that time period, he cites to his own pleading filed below.

[3]The date of the allegations of delivery of a controlled substance is unclear.

information. At the same time as his plea in 12-F-241 in June of 2012, petitioner also pled guilty to three counts of delivery of a controlled substance, as contained in 11-JD-118. In regard to the drug charges in 11-JD-118, the circuit court found that petitioner was a delinquent child and later ordered him to complete a youthful offender program. Following these pleas, petitioner remained incarcerated on 11-JD-118 and 12-F-241.

On November 28, 2012, the circuit court entered an order granting the State's motion to dismiss 11-JD-118 apparently due to petitioner's successful completion of the youthful offender program. Thereafter, petitioner remained incarcerated on 12-F-241 (the first-degree robbery charge).

On May 24, 2013, the circuit court held a sentencing hearing on 12-F-241. Following that hearing, the circuit court entered an order on June 4, 2013, in which it: (1) found that petitioner graduated from the youthful offender program in 11-JD-118; (2) deferred the imposition of petitioner's sentence in 12-F-241; and (3) placed petitioner on five years of supervised release with certain terms and conditions in 12-F-241. Petitioner appears to have been released on the day of that hearing, May 24, 2013.

On May 28, 2013, within one week of his release on probation, the Mercer County Probation Department filed a petition for revocation. According to the probation department, petitioner was arrested after midnight on May 28, 2013, having been found in a vehicle with two firearms and with three persons deemed inappropriate by the probation department due to their criminal histories. Petitioner's alleged probation violations included concealing firearms without a license against state law; associating with persons deemed inappropriate; and missing his curfew of 10 p.m. It appears that petitioner was incarcerated on the probation violation in 12-F-241 on May 28, 2013, and remained so incarcerated for the remainder of these proceedings. The circuit court later found that petitioner violated the terms and conditions of his probation and sentenced him to prison for twenty years with forty-one days credit for time served.

In September of 2013, petitioner filed a Rule 35(a) motion for correction of sentence.[4] In that motion, petitioner argued that he was entitled to 1,227 days credit for time served instead of the forty-one days of credit that the circuit court awarded him in its sentencing order. In January of 2015, petitioner filed an "Addendum" to his Rule 35(a) motion in which he argued that he was entitled to 1,361 days credit for time served.[5]

In March of 2015, the circuit court held a hearing on petitioner's Rule 35(a) motion. The circuit court heard arguments of counsel as to the proper credit for time served in this case.

---

[4]Rule 35(a) of the West Virginia Rules of Criminal Procedure provides as follows:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

[5]The delay in this matter is not explained in the record on appeal.

During his argument, petitioner's counsel noted that "it was very difficult to try to put together the record on this with respect to, uh, where he was, when he was, what he was there for." Following the hearing, by order entered on April 1, 2015, the circuit court found that petitioner was entitled to an additional credit of 276 days (in addition to the forty-one days awarded in the original sentencing order) for a total of 317 days of credit for time served. The circuit court expressly refused to grant him credit for time served when he was incarcerated concurrently on the first-degree robbery/murder charges and other offenses. This appeal followed.

Our standard of review for an order correcting a sentence under Rule 35 is as follows:

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court erred in granting him only 317 days of credit for time served in 12-F-241. Petitioner agrees with the circuit court that he was entitled to the 317 days awarded. However, for the first time on appeal, petitioner now claims that he is entitled to an additional 660 days of credit for time served (as opposed to the figures of 1,227 and 1,361 days he requested in separate motions below) between August of 2011 and May of 2013. It is axiomatic that petitioner is entitled to the time he spent incarcerated while awaiting trial. *See* Syl. Pt. 6, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002) (holding that "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable"); *State v. Eilola*, 226 W.Va. 698, 702, 704 S.E.2d 698, 702 (2010) (reiterating that granting presentence credit for time served in jail is mandatory).

However, we have explained that "[a]n appellant must carry the burden of showing error in the judgment of which he complains." Syl. Pt. 5, in part, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010) (internal citations omitted); Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) (holding that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court."); W.Va. R. App. P. Rule 10(c)(7) (explaining that briefs "must contain appropriate and specific citations to the record on appeal . . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal."). Therefore, petitioner must affirmatively show error in the record before this Court to be entitled to appellate relief.

In this case, the record on appeal does not support the reversal of the circuit court's order granting petitioner 317 days of credit for time served. Petitioner's counsel failed to include any jail or prison records from the West Virginia Regional Jail Authority or Division of Corrections in the record before this Court and few orders were included showing the dates of petitioner's sentences and commitments to jail or prison. Even petitioner's counsel stated at the underlying Rule 35(a) hearing that it was difficult to establish a record to support his claim of credit for time served.

Moreover, assuming petitioner's representations are accurate, we would still find that he is not entitled to relief. Petitioner was incarcerated on multiple charges during the majority of the time frame for which he now requests credit for time served as to 12-F-241 only, and those charges were unrelated to 12-F-241. As explained above, the unrelated charges for which he was incarcerated included 07-JD-35, for which we have little information; weapons charges in 10-JD-61; and three counts of delivery of a controlled substance in 11-JD-19/11-JD-118. We have held that a criminal defendant is not entitled to have credit for time served applied to all overlapping, unrelated charges, if credit was properly applied to at least one of those charges. *See State v. Wears*, 222 W.Va. 439, 665 S.E.2d 273 (2008) (denying defendant's request for credit for time served between State's voluntary dismissal of an indictment and defendant's reindictment because he remained in custody serving time on unrelated charges). It appears from the record on appeal that petitioner was incarcerated on unrelated charges from, at least, August of 2010 until November of 2012. It further appears that the circuit court granted petitioner 176 days of credit for time served as part of its total of 317 days, which would account for the time petitioner spent incarcerated on 12-F-241 between November of 2012 and May of 2013. Consequently, even under petitioner's representations and the facts gleaned from the minimal record on appeal, petitioner is not entitled to 660 days of credit for time served between August of 2011 and May of 2013. Therefore, given the state of the record before this Court and the overlap in petitioner's charges/incarceration below, we find no error in the circuit court's order granting petitioner's Rule 35(a) motion, in part, for a total of 317 days of credit for time served.

For the foregoing reasons, the circuit court's April 1, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5